JUDGE PRESKA

08 CV 6197

Haluk Savci (HS 0853)
MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9451

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MASON TENDERS DISTRICT
COUNCIL OF GREATER NY AND LONG,    :    Civil Action No.
ISLAND                                              :
                                                            :
            Plaintiff,                               :    COMPLAINT
                                                            :    ECF FILED DOCUMENT
            against                                  :
                                                            :
                                                            :    RECEIVED
MODERN CONSTRUCTION CORP.     :    JUL 08 2008
and MIKE HEINRICHS, an individual.    :    U.S.D.C. S.D. N.Y.
                                                            :    CASHIERS
            Defendants.                           :
----------------------------------------------------------- X

       The Mason Tenders District Council of Greater New York (the "Union" or "MTDC"), by its undersigned counsel, for its complaint alleges as follows:

### THE ACTION

1.     This is an action brought pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185 to confirm an arbitration award (the "Award") issued in accordance with the grievance and arbitration terms set forth in a collective bargaining agreement. The Action arises from the failure of the Defendants to timely pay monies owed pursuant to the Award. The MTDC seeks a judgment confirming the Award and ordering the Defendants to comply with its terms.

## THE PARTIES

2. Plaintiff the MTDC is a "labor organization" within the meaning of 29 U.S.C. Section 152(5). The MTDC maintains its principal place of business within this judicial district, at 520 8th Ave., Suite 650, N.Y., N.Y. 10018.

3. Defendant Modern Construction Corp. ("Modern" or the "Defendant") is an "employer" in an industry affecting commerce within the meaning of 29 U.S.C. Section 152(2). Modern is a corporation that transacts business in the State of New York.

4. Mike Heinrichs is the vice-president of Modern and executed the 2005-2008 collective bargaining agreement with the MTDC on behalf of Modern in his personal and individual capacity. He is a party to the arbitration, and is jointly and severally liable under the terms of the Award for the amounts due therein.

5. Defendant Modern maintains its principal place of business at 152 West Pulaski Road, Huntington Station, New York, 11768.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under Section 301 of the LMRA, 29 U.S.C. Section 185, and 28 U.S.C. Sections 1331 and 1337.

7. Venue lies in this judicial district under Section 301 of the LMRA, 29 U.S.C. Section 185, because Modern transacts business in this judicial district. Venue lies in this judicial district under 28 U.S.C. Section 1391(b), because the MTDC maintains offices in this judicial district and the arbitration proceeding was convened in this judicial district.

## STATEMENT OF FACTS

The Collective Bargaining Agreement

8.     On or about August 9, 2006, Defendant Modern, through its principal Heinrichs executed a collective bargaining agreement with the Union covering the period 2005-2008 (the "CBA"). Under the terms of that Agreement, Heinrichs assumed personal liability for the employer's compliance with the contract.

9.     The CBA requires that the employer perform all work covered therein under the terms and conditions of employment set forth in the Agreement, and further requires that the employer notify the Union of all jobs required to be performed under the CBA.  The CBA sets forth, among other things, wage and fringe benefit rates for employees performing covered work, as well as requiring the employer to employ a shop steward referred by the Union, and to comply with a 50:50 ratio of Union referred, versus directly Company selected, laborers on any job.

10.    Article X of the CBA sets forth a grievance and arbitration process to resolve disputes arising out of application of the 2005-2008 CBA, or any prior CBA.  Specifically Article X, Section 1 provides that the Union may "submit disputes arising between the parties involving questions of interpretation or application of any clause of this Agreement (or a previous Agreement to which the Employer was subject)." Robert Herzog is set forth as the arbitrator to hear the first arbitration case arising between the parties.  Pursuant to Article X, Section 1, h) "any decision of the arbitrator shall be binding upon the parties and shall be complied with by the Employer within five days of the issuance of the award." Article X further provides that in any case "in which the Employer is found to have failed to pay wages due or failed to remit dues owed to the Union or contributions owed to the MTDCPAC, the award shall include 1) interest at the prime rate on the day of the award plus two percent, running from the date of the violation; 2) attorneys' fees and expenses (including arbitral fees and expenses) incurred by the Union in pursuing the award; 3) the full cost of the arbitrator's fees and 4) such remedies and penalties as

would be available in claims brought under Article 6 of the New York State Labor Laws and/or the Fair Labor Standards Act, if the substantive elements for obtaining additional relief under either or both of those of laws is established."

The Grievance and Hearing Process

11.     A dispute arose between the parties in or about April 7, 2007, regarding the Union's claim that a job at the Fort Hamilton Navy Base in Brooklyn, New York was being performed by Modern wholly outside the terms of the CBA.

12.     On or about May 4, 2007, the Union submitted the dispute to arbitration under the 2005-2008 CBA. On May 10, 2007, the Union submitted an amended notice of arbitration. The MTDC forwarded the Notice of Intent to Arbitrate, by certified mail to all parties and the arbitrator. A certified mail receipt indicated that Modern received the notice on May 14, 2007. A copy of the amended notice was forwarded to the Defendants by regular mail and telecopier on May 10, 2007.

13.     The dispute noticed to be arbitrated was as follows:

*Whether Modern Construction Corp. violated the terms and conditions of its collective bargaining agreement with the Mason Tenders District Council of Greater NY and Long Island (the "CBA") at the Ft.. Hamilton Navy Base jobsite, Brooklyn, NY (the "Jobsite"), including but not limited to, by failing to provide the Union with notice of the job, refusing to employ a shop steward, contracting and/or subcontracting work covered under the CBA to a non-signatory company and otherwise failing to apply the terms of the collective bargaining agreement to work performed at the Jobsite? If so, what should be the remedy?*

*Whether Mike Heinrichs is personally liable for the above referenced violations?*

14.     On or about May 10, 2007, the arbitrator issued notice scheduling a hearing on the matter for the date of June 22, 2007.

15.     The Union attended the hearing. No representative for either Modern or Heinrichs appeared at the hearing. In the hearing, the arbitrator accepted documentary evidence and testimony.

16.     On or about July 10, 2007, the arbitrator issued a decision in the case.

The Award

17.     In the July 10, 2007,Opinion and Default Award, Arbitrator Robert Herzog sustained the Union's grievance and found that Union presented evidence to establish that Modern violated its CBA with the Union by failing to notify the Union of work performed covered under the CBA at the Fort Hamilton jobsite. The Arbitrator further found Mike Heinrichs as the person signing the CBA with the Union on behalf of Modern to be personally bound to all obligations of Modern.

18.     The arbitrator found that the contractual breach by Modern resulted in Modern and Heinrich liable for following damages to the Union:

"a.     Fourteen thousand eight hundred sixty three dollars and twenty cents representing adjusted lost wages;

b.     Interest on the sum set forth in 3.a. above at the July 10, 2007 prime rate plus two percent (2%), running from March 12, 2007 forwards;

c.     One thousand dollars in attorneys fees plus all reasonable prospective attorney's fees;

d.     any and all court costs and filing fees should it be necessary to seek enforcement of this Award".

19.     The arbitrator found that the contractual breach by Modern resulted in Modern and Heinrichs liable in the following damages to the payable to the Union Trust Funds as follows:

"a.     eleven thousand fifty-six dollars and thirty-two cents ($11,056.32) representing lost benefit contributions, dues check off and payroll deductions;

b.  interest on the amount set forth in 4.a above to accrue at the rate of 10% from the date of the award."

The arbitrator further found that the breach by Modern resulted in Modern and Heinrichs liable for the expenses and professional services rendered by Arbitrator Herzog totaling $4,550.00 as provided under Article X of the CBA.

20.  To date, despite having made a claim for payment of the award, defendants have paid no monies pursuant to the Award or otherwise failed to respond to the Union's correspondence concerning the award.

## FIRST CAUSE OF ACTION

21.  Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 to 20 of the Complaint, as though set forth in full herein.

22.  By failing to abide by the terms of the Award, the Defendants breached their obligations under the parties' labor agreement in violation of LMRA Section 301, 29 U.S.C. Section 185.

23.  As a result of this failure, Defendants are liable to the Plaintiff for contractual wages and benefit contributions to the Mason Tenders Fringe Benefit Funds owed on behalf of individuals who would have been referred to the jobsite but for the failure of the Employer to abide by the terms of the CBA; MTDC dues and PAC contributions; interest, attorney fees and arbitration costs.

## SECOND CAUSE OF ACTION

24.  Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 to 23 of the Complaint, as though set forth in full herein.

25.  As the individual who signed the collective bargaining agreement on behalf of Modern agreeing to be personally bound by and assume all obligations of the Employer provided in the

agreement, Heinrichs in his personal and individual capacity is jointly and severally liable to the Plaintiff for all obligations of Modern including the Arbitration Award which awards the Plaintiff contractual wages and benefit contributions to the Mason Tenders Fringe Benefit Funds owed on behalf of individuals who would have been referred to the jobsite but for the failure of the Employer to abide by the terms of the CBA; MTDC dues and PAC contributions; interest, attorney fees and arbitration costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff MTDC respectfully requests this Court enter judgment in its favor:

a. Confirming the July 10, 2007 Award of Arbitrator Herzog against the Defendants in all respects;

b. Declaring the Defendants are required to pay and holding them jointly and severally liable for all damages set forth in the Award, including but not limited to:

i. Fourteen thousand eight hundred sixty three dollars and twenty cents representing adjusted lost wages;

ii. Interest on the sum set forth in 3.a. above at the July 10, 2007 prime rate plus two percent (2%), running from March 12, 2007 forwards

iii. One thousand dollars in attorneys fees plus all reasonable prospective attorney's fees;

iv. any and all court costs and filing fees should it be necessary to seek enforcement of this Award.

v. eleven thousand fifty-six dollars and thirty-two cents ($11,056.32) representing lost benefit contributions, dues check off and payroll deductions;

vi. Attorney's fees and expenses (including the full cost of the arbitrator's fees totaling $4,550.00).

vii. Ordering such further relief as the Court deems necessary or appropriate.

Dated: New York, New York
       July 7, 2008

Respectfully submitted,

By: _____
Haluk Savci (HS 0853)
Mason Tenders District
Council of Greater New York
520 8th Ave., Suite 650
New York, NY 10018

Counsel for the Plaintiff